## UNITED STATES BANKRUPTCY COUR
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

ELLINGSWORTH RESIDENTIAL
COMMUNITY ASSOCIATION, INC.,
Debtor.
_____/

Alice Guan
_____Plaintiff_____/

V.
ELLINGSWORTH RESIDENTIAL
COMMUNITY ASSOCIATION, INC.,

Defendant
_____/

Case No. 6:20-bk-01346-KSJ

**FILED**

Date: 2/9/2021  via: email
Clerk, U.S. Bankruptcy
Orlando Division

Adv. Pro.
No. 6:20-ap-00055-KSJ

### NOTICE OF APPEAL OF AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDUCE

Alice Guan ("Ms. Guan"), pro se, pursuant to 28 U.S.C. §158(a) and Rule 8002 and 8003 of the Federal Rules of Bankruptcy Procedure, and Florida Middle District Bankruptcy Procedure 8003-1, upon receiving a copy of the referenced order from Debtor's attorney law firm this afternoon (see Exhibit A) hereby files, at about 3:40PM on February 9, 2021, via email to the Bankruptcy Court, this Notice of Appeal from an order titled "**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDUCE**". The order is attached herein as Exhibit B.

The parties to this Appeal, and the names, addresses and telephone numbers of their respective attorneys are as follows:

Appellant:

1

Alice Guan, pro se
4250 Alafaya Trail, #212-163
Oviedo, FL 32765
T: 407-402-8178
AliceGuanRopeJumper2020@gmail.com
AliceGuan2016@gmail.com

**For ELLINGWORTH RESIDENTIAL COMMUNITY ASSOCIATION, INC.,** Debtor:
Christina Y. Taylor, Justin M. Luna, D. Velasquez, at Latham, Luna, Eden & Beaudine, LLP, Post Office Box 3353, Orlando, FL 32802-3353, 407-481-5800 , via emails to: ctaylor@lathamluna.com, jluna@lathamluna.com, dvelasquez@lathamluna.com, lvanderweide@lathamluna.com, wthomas@lathamluna.com

Respectfully submitted to the Bankruptcy Court on February 9, 2021.

Alice Guan, pro se, HOA member and /Creditor
4250 Alafaya Trail, #212-163
Oviedo, FL 32765
T: 407-402-8178
AliceGuanRopeJumper2020@gmail.com
AliceGuan2016@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2021, a true and accurate copy of the foregoing and the attached file have been served via Emails to:

Counsels to Ellingsworth Residential Community, Inc., Justin M. Luna, Esquire, et. al. at Latham, Luna, Eden & Beaudine, LLP, Post Office Box 3353, Orlando, FL 32802-3353, via emails to: jluna@lathamluna.com, dvelasquez@lathamluna.com, lvanderweide@lathamluna.com, wthomas@lathamluna.com, ctaylor@lathamluna.com

Per direction of Ellingsworth Residential Community, Inc., c/o Community Management Specialists and per directions of Mr. Justin Luna, this document was NOT emailed to:

Ellingsworth Residential Community, Inc., c/o Community Management Specialists, 71 S. Central Ave., Oviedo, FL 32765 to Kevin Davis, Manager for the Debtor and general email box via email address at *Kevin@cmsorlando.com*, and also to: info@cmsorlando.com,

Per direction of L. Todd Budgen, this document was NOT emailed to:

L. Todd Budgen, Subchapter V Trustee, P.O. Box 520546, Longwood, FL 32752, via email at: Todd@C11Trustee.com

Per direction of The U.S. Trustee, c/o Audrey M. Aleskovsky, this document was NOT emailed to:

The U.S. Trustee, c/o Audrey M. Aleskovsky, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, vis email at: audrey.m.aleskovsky@usdoj.gov.

Note: all parties entitled to receive electronic noticing via CM/ECF will receive those documents when these documents are dockets by the court.

February 9, 2021.

Respectfully Yours,

Alice Guan, pro se

3

UNITED STATES BANKRUPTCY COUR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    Case No. 6:20-bk-01346-KSJ

ELLINGSWORTH RESIDENTIAL
COMMUNITY ASSOCIATION, INC.,
        Debtor.
_____/

Alice Guan
_____Plaintiff_____/

V.                                                        Adv. Pro.
ELLINGSWORTH RESIDENTIAL                                  No. 6:20-ap-00055-KSJ
COMMUNITY ASSOCIATION, INC.,

        Defendant
_____/

**NOTICE OF APPEAL OF AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDUCE**

**Exhibit A**

1

 **Gmail**     Alice Guan <aliceguan2016@gmail.com>

**SERVICE OF COURT PLEADING: Adv. Proc. No. 6:20-ap-00055-KSJ, Alice Guan v. Ellingsworth Residential Community Assoc.**
1 message

**Andrea Taylor** <ataylor@lathamluna.com>     Tue, Feb 9, 2021 at 2:42 PM
To: AliceGuan RopeJumper <aliceguanropejumper2020@gmail.com>, "AliceGuan2016@gmail.com" <AliceGuan2016@gmail.com>
Cc: Daniel Velasquez <dvelasquez@lathamluna.com>

Good afternoon, Ms. Guan.

Attached please find the **Order Granting Motion to Dismiss Amended Complaint With Prejudice**, entered by Judge Jennemann in the U.S. Bankruptcy Court, Middle District of Florida, Orlando Division in Adversary Case No. 6:20-ap-00055.

Kind Regards,

Andrea

### Andrea L. Taylor

Bankruptcy Paralegal

 LATHAM, LUNA, EDEN & BEAUDINE, LLP

111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801

407-481-5800 Main
407-481-5819 Direct

407-481-5801 Fax
ataylor@lathamluna.com

www.lathamluna.com

The information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender at the above address or at (407) 481-5800, and then delete this message. Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

 Please consider the environment before printing this e-mail.

📎 **23 Order Granting Motion to Dismiss with Prejudice.pdf**
611K

UNITED STATES BANKRUPTCY COUR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  Case No. 6:20-bk-01346-KSJ

ELLINGSWORTH RESIDENTIAL
COMMUNITY ASSOCIATION, INC.,
        Debtor.
_____/

Alice Guan
               **Plaintiff**        /

V.  Adv. Pro.
ELLINGSWORTH RESIDENTIAL  No. 6:20-ap-00055-KSJ
COMMUNITY ASSOCIATION, INC.,

        Defendant
_____/

**NOTICE OF APPEAL OF AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDUCE**

**Exhibit B**

1

ORDERED.

Dated: February 05, 2021

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Ellingsworth Residential Community Association, Inc., | ) Case No. 6:20-bk-01346-KSJ<br>) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| Alice Guan, | ) |
| Plaintiff, | ) Adversary No. 6:20-ap-00055-KSJ |
| | ) |
| vs. | ) |
| | ) |
| Ellingsworth Residential Community Association, Inc., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

Debtor/Defendant, Ellingsworth Residential Community Association, Inc., seeks to dismiss this adversary proceeding with prejudice in its Motion to Dismiss

resolve Guan's multi-count counterclaim,[4] the Debtor filed this Chapter 11 bankruptcy case on March 3, 2020.[5]

Debtor then proposed a plan of reorganization.[6] The plan is simple—it provides for the payment of allowed administrative, priority claims and unsecured claims over three years. Article IV, paragraph B of the plan describes payments to the Debtor's unsecured creditors and creates a Creditors' Trust from which unsecured creditors will receive payment, *pro rata*, of their allowed claims.[7] On the effective date, the Creditors' Trust shall consist of (i) 25% of all accounts received that become older than 90 days past due for three years, (ii) net proceeds received from all Causes of Action, and (iii) net disposable income for three years, including a special assessment of $300,000, to make these payments. Attached to the Plan is the Debtor's Projected Disposable Income, which projects $16,000 of funds available to the Creditors' Trust over three years, plus the $300,000 special assessment.

During the bankruptcy case, Guan, who is representing herself and has no legal experience, filed numerous conflicting and confusing papers, some of which objected

---

[4] Guan's alleges she has a multi-count counterclaim against the Debtor for (I) Abuse of Process, (II) RICO, (III) Intentional Infliction of Emotional Distress, (IV) Negligence, (V) Breach of Contract and (VI) Declaratory Judgment.
[5] Doc. No. 1 in Case No. 6:20-bk-01346-KSJ ("Main Case").
[6] The Debtor filed the Plan on June 1, 2020, which was modified on August 13, 2020, and August 20, 2020 (Main Case Doc. Nos. 54, 250 and 270). The Debtor's Final Plan of Reorganization which incorporates the modifications is Main Case Doc. No. 294.
[7] Guan voluntarily filed two unsecured proofs of claim in the bankruptcy case: Claim 4-3 for $500,000 for her attorneys' fees and costs and Claim 5-2 for $1,600,000 for her multi-count counterclaim. Debtor has objected to Guan's proofs of claim (Main Case Doc. No. 313). A trial is scheduled to resolve Guan's Claims on February 25, 2021.

Plaintiff's Amended Complaint.[1] Plaintiff, Alice Guan ("Guan"), an unsecured creditor, opposes dismissal and asks to file an amended complaint.[2] Because the issues Guan asserts in this adversary proceeding duplicate her objections to the Debtor's plan of reorganization, were overruled upon confirmation of the Debtor's plan, and now are on appeal, the Court lacks jurisdiction to provide the relief requested by Guan. Debtor's motion is granted. This adversary proceeding is dismissed with prejudice.

Debtor is a homeowner's association representing 80 homes in three separate developments. They have a gate, common area property, and a fountain but no other amenities, such as a pool, community center, or playground. All 80 homeowners pay the same quarterly assessment of $420.

In 2016, the developer, Meritage Homes, managed the Debtor and, acting on behalf of the Debtor, sued Guan in Florida State Court.[3] Guan owns a home in one of the managed developments and allegedly had violated certain association rules relating to landscaping on her property. In 2019, after years of extensive litigation, the Florida State Court dismissed the Debtor's lawsuit directing the Debtor to pay Guan's attorneys' fees and costs. Before the Florida State Court could assess these fees or

---

[1] Doc. No. 10. All "Doc. No." citations refer to pleadings filed in Adversary Proceeding 6:20-ap-00055-KSJ unless otherwise noted.
[2] Guan filed a response (Doc. No. 12) to Debtor's Moton to Dismiss Amended Complaint. Guan also filed a Motion to File a Second Amended Complaint, if deficient (Doc. No. 16). A hearing on Debtor's Motion to Dismiss Amended Complaint and Guan's Motion to File a Second Amended Complaint occurred November 17, 2020.
[3] The Florida State Court action is *Ellingsworth Residential Community Association, Inc. v. Alice Guan*, Case No. 2017-CA-002697 pending before the Circuit Court for Seminole County, Florida.

to confirmation of the Debtor's Plan.[8] The papers are lengthy and sometimes difficult to understand but raise three primary objections to confirmation of the Plan:

- Debtor has not provided sufficient financial information to justify confirmation of its Plan;

- Debtor's members—the 80 homeowners—must provide Guan with their *personal* financial information to demonstrate what income the Debtor can contribute to the Plan Payment; and

- Debtor's Plan is not feasible insofar as the 80 members have not yet approved the promised $300,000 special assessment.

In the Memorandum Opinion Confirming Debtor's Plan of Reorganization, on October 16, 2020, I found the Debtor satisfied all the requirements of § 1191 of Bankruptcy Code,[9] and confirmed the Debtor's plan of reorganization over Guan's objections.[10] Guan timely appealed these rulings.[11]

Contemporaneous with her objections to confirmation,[12] Guan filed this duplicative adversary proceeding raising virtually identical issues.[13] In both her objections to confirmation and in this adversary proceeding, Guan alleges the Debtor has failed to provide her with information about its finances, including the personal

---

[8] Guan's objections to confirmation are contained in Main Case Doc. Nos. 147, 149, 167, 180, 182, 253, 257, 260, 268, 272, 297, and 304.
[9] All references to the Bankruptcy Code refer to 11 U.S.C. § 101, *et seq.*
[10] Main Case Doc. Nos. 340 and 341.
[11] Main Case Doc. No. 347. *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, Case No. 6:20-cv-01938-WWB (M.D. Fla. filed Oct. 20, 2020).
[12] Guan's objections to confirmation were filed between July 14, 2020 through September 9, 2020.
[13] Doc. No. 1. The adversary proceeding was filed on August 19, 2020. For example, Ms. Guan recites her claims for breach of contract, accounting, and injunction in her Objection to Confirmation of Debtor's Final Plan of Reorganization (Main Case Doc. No. 304). And her factual allegations of the Amended Complaint are almost identical to the factual allegations contained in Ms. Guan's Further Objection and Rejection to Debtor's Plan (Main Case Doc. No. 272).

4

finances of the Debtor's 80 members, and Debtor has failed to maximize its income by pursing various claims to pay its creditors. Guan asserts two counts in this adversary proceeding against the Debtor—seeking an accounting (Count 2) and an injunction (Count 3).[14] She asserted identical requests in her objections to confirmation, which were overruled and now are on appeal.

Both of these remaining counts go directly to confirmation issues. Guan's accounting claim seeks information on the Debtor's assets and income, which was relevant in determining whether the Debtor could perform its obligations under its proposed plan of reorganization.[15] Similarly, Guan's injunction claim seeks to direct "how" the Debtor will financially perform under its plan asking the Court to direct the Debtor issue a special assessment to pay its debts.[16] These requests are directly related to the confirmation of the Debtor's plan of reorganization. Guan's objections were overruled, and she has appealed the decision. The District Court now has the dispute under consideration.[17]

At the recent status conference in this adversary proceeding, I asked Ms. Guan what she wanted to accomplish in this adversary proceeding. Guan replied she wanted to highlight the actions or inactions of the Debtor during this case, which include failing to pursue malpractice or insurance claims, failing to obtain other sources of

---

[14] Doc. No. 8. At the hearing on November 17, 2020, Guan agreed to dismiss her claim for breach of contract claim (Count 1).
[15] Doc. No. 8, pp.11-12.
[16] Doc. No. 8, pp.12-13.
[17] The parties have recently fully briefed the appeal before the District Court. Guan, as appellant, filed her initial brief on December 19, 2020 and her reply brief on January 29, 2021. Debtor, as appellee, filed its response brief on January 19, 2021. *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, Case No. 6:20-cv-01938-WWB (M.D. Fla. filed Oct. 20, 2020) (Doc. Nos. 14, 20 and 23).

revenue to pay all creditors, and failing to provide a complete accounting to her. She confirmed the adversary proceeding was intended to force the Debtor to pay creditors, like her, more monies than offered in the Debtor's now confirmed plan. All claims raised by Guan in this adversary proceeding were directly raised and decided at the confirmation hearing or in the subsequent orders and now are on appeal.

A notice of appeal divests the lower court of jurisdiction over issues related to the appeal.[18] "The purpose of the general rule is to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process."[19] Once an appeal is pending, the lower court cannot exercise jurisdiction over issues which, although not directly on appeal, may affect the appeal or circumvent the appeal process.[20]

The relief Guan seeks in this adversary proceeding, if granted, would affect the appeal by modifying the Debtor's confirmed plan of reorganization. Debtor's plan of reorganization provides what funds creditors with allowed claims will receive. Guan's claims in this adversary proceeding, if allowed, would require the Debtor to provide additional financial documents, which I already have found sufficient, or require the Debtor to pay more funds to creditors than what the plan requires.

---

[18] *In re Health Care Products*, 169 B.R. 753, 755 (M.D. Fla. 1994); *In re Bilzerian*, 188 B.R. 44, 45 (Bankr. M.D. Fla. 1995). *See also In re In re Whispering Pines Estates*, 3699 B.R. 752, 757 (B.A.P. 1st Cir. 2007) ("It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal.").
[19] *In re In re Whispering Pines Estates*, 3699 B.R. 752, 757 (B.A.P. 1st Cir. 2007)(citing *In re Strawberry Square Assoc.*, 152 B.R. 699, 701(Bankr.E.D.N.Y.1993); *Urban Dev. Ltd., Inc. v. Hernando New York Assoc. (In re Urban Dev. Ltd., Inc.)*, 42 B.R. 741,744 (Bankr. M.D. Fla.1984))).
[20] *Id.* at 759.

6

Guan essentially is seeking a second "bite at the apple" by reasserting the same objections to confirmation she already has made and lost. The appellate court has the exclusive jurisdiction to decide whether my decision was correct; but Guan does not get a second chance to argue the same objections while the appeal is pending. Any amendment proposed by Guan would be futile.

Accordingly, it is

**ORDERED:**

1. Debtor/Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 10) is **GRANTED WITH PREJUDICE**.

2. Plaintiff's Motion to File a Second Amended Complaint, if deficient (Doc. No. 16) is **DENIED**.

3. The Clerk will close this adversary proceeding.

###

Attorney Daniel Velasquez will serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.